ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| BRENDA NIEVES VÁZQUEZ<br><br>Recurrente<br><br>v.<br><br>BELLA INTERNATIONAL, LLC H/N/C HONDA DE SAN JUAN - ACURA DE SAN JUAN; ASSURANT SERVICES OF PUERTO RICO<br><br>Recurrido | TA2026RA00059 | *Revisión Administrativa* procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm. SAN-2023-0017227<br><br>Sobre: Compraventa de vehículos de motor |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de marzo de 2026.

Comparece ante esta Curia la señora Brenda Nieves Vázquez (Sra. Nieves Vázquez o Recurrente) y nos solicita que revoquemos la *Resolución* del Departamento de Asuntos del Consumidor (DACo), notificada el 10 de diciembre de 2025. Mediante el referido dictamen, el DACo declaró Ha Lugar la *Moción Solicitando Desestimación* de Assurant Services of Puerto Rico (Assurant) y ordenó el cierre y archivo de la *Querella* de epígrafe.

Adelantamos que, luego de examinar el recurso de epígrafe y el expediente que lo acompaña, modificamos el dictamen impugnado, y así modificado lo confirmamos. Veamos.

**I.**

El 3 de noviembre de 2023, la Sra. Nieves Vázquez instó la *Querella* de epígrafe, por derecho propio, en contra de Bella Group International o Bella Group PR; Acura de San Juan; Centro de Servicio Acura de San Juan; y Assurant, relacionada a la compraventa de un vehículo de motor y al manejo de su garantía y

reparaciones.[1] Surge de la *Querella* que, el 12 de mayo de 2017, la Sra. Nieves Vázquez adquirió un vehículo nuevo marca Acura, modelo MDX 2017, color gris, de Bella International, LLC h/n/c Acura de Puerto Rico (Bella). Agregó que, en igual fecha, adquirió una garantía extendida de cuatro (4) años o 100,000 millas que le ofreció Bella con Assurant.

En la *Querella* expuso que, el referido vehículo presentó desperfectos y fallas recurrentes que requirieron llevarlo a servicio en garantía, con diagnósticos inconsistentes y reparaciones infructuosas, entre otros. Sustentado en lo anterior, incluyó en su reclamación alegaciones sobre vicios ocultos, vicios en el consentimiento, incumplimiento de garantía y reparación defectuosa. Les imputó, además, haber malgastado su garantía extendida con el reemplazo innecesario de piezas, sin arreglarla. Suplicó como remedio que, antes de devolver su guagua -tras meses en el Centro de Servicio Acura-, la arreglen por completo. En la alternativa, que le cambien la unidad. Reclamó, además, el resarcimiento de los gastos y los daños físicos y emocionales sufridos ante el incumplimiento de los querellados en diagnosticar y reparar su guagua.

Realizada la inspección del DACo y contestada la querella, entre otras incidencias procesales, Bella y Assurant instaron sus respectivas mociones de desestimación. En su petitorio, Bella señaló que las co-querelladas Bella Group, LLC y Bella Group International son corporaciones inexistentes, que no están registradas en el Departamento de Estado de Puerto Rico, y que no están relacionadas a los trabajos en garantía que realizó el Centro de Servicios Acura. Agregó que, incluir como querellado a un empleado en su capacidad personal no procede en derecho. Sobre tales bases, solicitó "la desestimación de toda reclamación presentada en contra

---

[1] Cabe señalar que, a través de un representante legal, la querella fue objeto de enmienda, el 15 de enero de 2025. Agregó como co-querellado al gerente del Centro de Servicio Acura, el Sr. Alberto Vázquez.

de entidades inexistentes y/o no relacionadas a los servicios brindados a la querellante y/o en contra del personal de una corporación."[2]

Mientras que, Assurant apoyó su solicitud de desestimación en la falta de jurisdicción. Adujo que, por tratarse de una controversia relacionada al presunto incumplimiento de un contrato de servicio, la jurisdicción primaria exclusiva es de la Oficina del Comisionado de Seguros, a tenor del Subcapítulo II, Capítulo 21 del Código de Seguros, 26 LPRA secs. 2123-2134.

Durante la vista administrativa ante la agencia, celebrada el 7 de noviembre de 2025, Assurant solicitó al DACo atender su petitorio de desestimación. A esos efectos, y según solicitado, le concedió un término a la Sra. Nieves Vázquez para reaccionar por escrito. Vencido el plazo otorgado sin cumplir y a instancias de Assurant, el DACo dictó la *Resolución* impugnada mediante la cual desestimó la querella en su totalidad, y ordenó su cierre y archivo. En lo pertinente dispuso "[s]e Declara Ha lugar la Moción de Desestimación presentada por la parte querellada, Assurant Services of Puerto Rico, Inc. En atención a ello, se ordena el cierre y archivo de la presente querella."

Inconforme, la Sra. Nieves Vázquez instó una *Solicitud de Reconsideración* ante el DACo. Entre otros, cuestionó que la agencia ordenó el archivo total de la querella ante el planteamiento de falta de jurisdicción de Assurant, en cuyo caso, de darlo por cierto, la reclamación subsiste en contra de los demás querellados.

Tras el DACo no atender y así rechazar de plano el referido petitorio, y aun en desacuerdo, la Recurrente acude ante esta Curia mediante el presente recurso de revisión en donde imputa al DACo lo siguiente:

> ERRÓ EL DACO AL DESESTIMAR SUMARIAMENTE LA QUERELLA SIN OTORGAR A LA QUERELLANTE LA OPORTUNIDAD PROCESAL DE MOSTRAR CAUSA NI DE CONTESTAR LA MOCIÓN DE DESESTIMACIÓN, EN CLARA

---

[2] Véase, Entrada núm. 24 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial, pág. 2.

VIOLACIÓN A SU PROPIO REGLAMENTO Y AL DEBIDO PROCESO DE LEY.

ERRÓ EL DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (DACO) AL ASUMIR QUE CARECÍA DE JURISDICCIÓN POR LA EXISTENCIA DE UN CONTRATO DE SERVICIO CON UNA ASEGURADORA, A PESAR DE QUE LA CONTROVERSIA SURGE DE UNA RELACIÓN DE CONSUMO BAJO SU ÁMBITO LEGAL.

ERRÓ EL DACO AL TRATAR LA DESESTIMACIÓN DE ASSURANT COMO SI EXTINGUIERA AUTOMÁTICAMENTE EL RECLAMO CONTRA LOS DEMÁS QUERELLADOS Y AL ORDENAR EL ARCHIVO TOTAL DE LA QUERELLA.

En cumplimiento con nuestra *Resolución,* notificada el 10 de febrero de 2026, Bella y Assurant presentan sus respectivos alegatos en oposición. En su escrito, Bella discute que la querella de epígrafe versa sobre servicios realizados al vehículo de motor objeto del contrato de compraventa. Añade que, la Recurrente instó la querella de epígrafe al cabo de seis (6) años desde la compraventa, por lo cual, la garantía de fábrica expiró, y también los términos prescriptivos aplicables al incumplimiento con la garantía, al saneamiento por vicios ocultos y a los vicios del consentimiento. Amparado en lo antes, Bella argumenta que el DACo carece de jurisdicción sobre las controversias atinentes a los servicios realizados.

Por su parte, Assurant reitera en su alegato la falta de jurisdicción del DACo para atender la única alegación que la querella contiente en su contra, atinente a una interpretación del contrato de servicio. Con el beneficio de tales posturas, resolvemos.

**II.**

**A. La Revisión Judicial y la Doctrina de la Deferencia Judicial**

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las decisiones administrativas finales pueden ser revisadas por el Tribunal de Apelaciones, una vez la parte adversamente afectada haya agotado todos los remedios disponibles. *Tricoche Matos y otra v. Luis Freire Div. of K.M.A. Associates of PR, Inc.*, 2025 TSPR 92, resuelto el 1 de octubre de

2025. Ahora bien, en el ejercicio de tal facultad, el foro apelativo está obligado a ser deferente a las determinaciones de los organismos administrativos, en consideración a la experiencia y al conocimiento especializado que estas poseen sobre los asuntos que le fueron delegados. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* 2025 TSPR 33, resuelto el 27 de marzo de 2025. Al mismo tiempo, esta facultad revisora delimita la discreción de los organismos administrativos, a modo de asegurar que estos ejerzan sus funciones dentro de los márgenes de las facultades que le fueron delegadas por ley. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros*, 2025 TSPR 56, resuelto el 21 de mayo de 2025.[3] Por último, permite a los foros judiciales velar que los entes administrativos den cumplimiento a los mandatos constitucionales, en especial, al debido proceso de ley. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743 (2024).

Como se sabe, las agencias administrativas son -en muchas ocasiones- los primeros intérpretes de las leyes que rigen el ejercicio de su ministerio. *Buxó Santiago v. Oficina de Ética Gubernamental,* 2024 TSPR 130, resuelto el 10 de diciembre de 2024. Ahora bien, son los tribunales los que gozan de facultad para interpretar las leyes y la Constitución. *Íd.* Por consiguiente, ante una interpretación de la agencia que produzca resultados incompatibles o contrarios a su política pública o a su propósito interpretado, la deferencia cede ante la interpretación administrativa. *Íd.* Entiéndase que, los foros judiciales no tienen que ser deferentes ante la interpretación de derecho que realice un organismo administrativo, sencillamente porque la legislación es ambigua. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* supra. Por tanto, al revisar una actuación de una agencia administrativa, el criterio rector es la razonabilidad. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra. De manera que,

---

[3] Véase, además, *Jusino Rodríguez v. Junta de Retiro del Gobierno de Puerto Rico,* 2024 TSPR 138, resuelto el 26 de diciembre de 2024.

procede la revisión judicial cuando el organismo administrativo haya actuado de forma arbitraria, ilegal, irrazonable o que haya abusado de su discreción. *Íd.*

A tono con lo anterior, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, y su jurisprudencia interpretativa limitan la revisión judicial a tres (3) aspectos: (1) si es apropiado el remedio concedido; (2) si las determinaciones de hechos están basadas en evidencia sustancial; (3) si las conclusiones de derecho fueron correctas. *Freyre Martínez v. Consejo de Titulares y/o Junta de Directores del Condominio Sol y Playa,* 2026 TSPR 20, resuelto el 5 de marzo de 2026. De conformidad, a tenor de la Sección 3.14 de la LPAU, 3 LPRA sec. 9654, el dictamen final del ente administrativo sujeto a revisión judicial ha de contener la advertencia sobre el derecho a solicitar reconsideración o revisión judicial, adicional a las determinaciones de hechos y a las conclusiones de derecho. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra.

A tono con lo anterior, la citada Sección 4.5 de la LPAU, *supra,* dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal". Lo antes, en consideración a la facultad inherente que poseen los foros judiciales de interpretar la ley. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* supra.[4] De manera que, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 36 (2018).

Por lo tanto, si al examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3)

---

[4] En *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros*, supra, el Alto Foro acogió lo resuelto en *Loper Bright Enterprises v. Raimondo,* 603 US 369, 144 S.Ct. 2244, 219 L.Ed.2d 832 (2024), en donde el Tribunal Supremo Federal pautó el fin de conceder deferencia absoluta a las apreciaciones de derecho de los organismos administrativos. De conformidad, el Alto Foro concluyó que "la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales."

el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99 (2023).

### B. Las facultades del DACo y del Comisionado de Seguros

Conforme al Artículo 3 de la Ley Núm. 5 de 23 de abril de 1973 (Ley Núm. 5), 3 LPRA sec. 341(b), según enmendada, el DACo fue creado como una agencia especializada con el propósito primordial de vindicar e implantar los derechos del consumidor y proteger los intereses de los compradores. Entre los poderes conferidos al DACo están el "[a]tender, investigar y resolver las querellas presentadas por los consumidores de bienes y servicios adquiridos o recibidos del sector privado de la economía."[5]

Ahora bien, los asuntos relacionados al comercio de seguros son de la jurisdicción del Comisionado de Seguros, por virtud del Artículo 2.030 del Código de Seguros, 26 LPRA sec. 235, y están regulados por sus disposiciones. Entre estos asuntos están las garantías extendidas, las cuales constituyen contratos de servicio cuyo propósito es que los consumidores puedan disfrutar del bien adquirido por un término mayor.[6] A los efectos de regular estos contratos de servicio, la Asamblea Legislativa añadió el Subcapítulo II, al Capítulo 21 del Código de Seguros, *supra,* y en el Artículo 21.250 los define como:

> un contrato o convenio emitido a cambio de un pago identificado separadamente, que tiene una duración estipulada, en el que se acuerda realizar la reparación, reposición o, en forma incidental, el mantenimiento del bien, o la indemnización por tal reparación, reposición o mantenimiento que resulten necesarios por razón de fallas operacionales o estructurales que surjan debido a defecto en los materiales, mano de obra o por desgaste normal del bien. […] Contrato de servicio no incluye el seguro contra falla mecánica, contratos de

---

[5] Véase, Artículo 6(c) de la Ley Núm. 5, 3 LPRA sec.341e(c).

[6] Véase, la Exposición de Motivos de la Ley Núm. 392 de 8 de septiembre de 2000 (Ley Núm. 392) que en lo pertinente dispone: "[e]s deber del Gobierno de Puerto Rico velar por los intereses del consumidor puertorriqueño, que día a día se enfrenta a innovaciones en el mercado, producto de la dinámica en la economía global, como son las garantías extendidas o contratos de servicio.[…]"

mantenimiento, ni garantía del fabricante. [...] 26 LPRA sec. 2125.[7]

## III.

En su recurso, la Recurrente imputa al DACo la comisión de tres errores. En primer lugar, alega que la agencia violentó su debido proceso de ley y la Regla 10.1 del Reglamento Núm. 8034, Reglamento de Procedimientos Adjudicativos, al desestimar sumariamente la *Querella* de epígrafe, sin permitirle reaccionar al petitorio de desestimación de Assurant. No tiene razón.

La invocada Regla 10.1 confiere discreción al DACo para, previo a ordenar la desestimación de una querella, conceder a la parte querellante la oportunidad de mostrar causa por la cual no deba desestimar su querella. Surge claramente de dicha disposición que no surte efecto obligatorio al establecer lo siguiente:

> [e]l Departamento podrá ordenar al querellante que muestre causa por la cual no deba desestimarse la querella, a iniciativa propia o a solicitud del querellado, si la querella no presenta una reclamación que justifique la concesión de un remedio, por inmeritoria, por falta de jurisdicción, o por cualquier otro fundamento que en Derecho proceda. En caso de desestimación, el Departamento orientará al querellante sobre los remedios legales que tiene disponibles para proteger sus intereses.

A lo anterior se añade que, el DACo en efecto concedió veinte (20) días a la Sra. Nieves Vázquez para oponerse a la moción dispositiva que instó Assurant. Vencido el término otorgado sin que la Recurrente compareciera por escrito es que la agencia dispuso del petitorio de desestimación. Sobre tales bases, resolvemos que el primer error señalado no fue cometido.

La Recurrente argumenta como segundo error que el DACo incidió al decretarse sin jurisdicción ante una controversia que obliga a interpretar el contenido de una garantía extendida adquirida sobre el vehículo objeto de esta querella. Por disposición de la Ley Núm. 392, *supra*, las garantías extendidas constituyen

---

[7] Análogamente, el Artículo 21.240 del Código de Seguros, 26 LPRA sec. 2124, decreta: "[e]ste subcapítulo no será de aplicación a garantías del fabricante o contratos de mantenimiento [...] [t]ampoco [...] a las garantías emitidas con la venta de un producto de protección vehicular [...]"

contratos de servicio regulados por el Capítulo 21, Subcapítulo II del Código de Seguros y caen bajo la jurisdicción exclusiva del Comisionado de Seguros. De manera que, el DACo carece de jurisdicción para entender en la reclamación que la Recurrente incoó en contra de Assurant. El segundo error no fue cometido.

En su tercer y último señalamiento de error, la Recurrente cuestiona la actuación del DACo de extender los efectos de la desestimación de Assurant y, en su consecuencia, archivar las causas en cuanto a los demás co-querellados. Le asiste la razón. Nos explicamos.

En la *Enmienda a Querella,* la Recurrente incluyó otras causas de acción no relacionadas al contrato de servicio. En primer lugar, la nulidad del contrato de compraventa debido a la presunta entrega de un objeto distinto al pactado en términos de categoría, condición y calidad; y las alegadas omisiones reglamentarias y violaciones de ley por parte del vendedor que convierten la causa del contrato de compraventa en una ilícita. Asimismo, la Recurrente reclamó el saneamiento por vicios ocultos, sustentado en que, la parte querellada se ha negado o ha sido incapaz de reparar los defectos del vehículo adquirido. Entre otros, solicitó remedios ante prácticas engañosas en violación al Reglamento 9158 sobre prácticas comerciales e invocó la nulidad del contrato de compraventa y la concesión en daños y perjuicios.

Según expusimos y conforme establecen las disposiciones del Código de Seguros, *supra,* antes expuestas, el DACo actuó correctamente al declarar ha lugar la solicitud de desestimación de Assurant ante su falta de jurisdicción sobre lo atinente al contrato de servicios impugnado.

Sin embargo, resolvemos que el DACo erró al ordenar el cierre y archivo de la presente querella en su totalidad, sin haber atendido propiamente el petitorio de desestimación que presentó Bella y por haber ordenado la desestimación de las restantes causas de acción interpuestas por la recurrente.

**IV.**

Por los fundamentos esbozados, modificamos la *Resolución* recurrida a los efectos de revocar la orden de cierre y archivo sobre todas las causas instadas, salvo la causa incoada por la recurrente contra Assurant. Así modificada, se confirma la desestimación de la causa únicamente en cuanto a Assurant, por falta de jurisdicción y en su consecuencia, reinstalamos las demás.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones